UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Jama Vincent,**

      *Plaintiff*,

v.                                            Case No. 1:04-cv-511
                                                Judge Thomas M. Rose

**The Brewer Company,**

      *Defendant*.

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT. DOC. 47.**

---

This matter is before the Court on Defendant's Motion for Summary Judgment. Doc. 47. Plaintiff Jama Vincent filed the instant action on August 5, 2004, alleging that Defendant laid her off on July 25, 2003, and failed to recall her thereafter because of her sex.  Vincent's first claim asserts that her rights under Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act, Ohio Rev. Code §§ 4112.02 and 4112.99, were violated when she was laid off and not recalled on July 25, 2003.  Plaintiff further alleges Defendant demoted her on January 13, 2003 because of her sex, in violation of the Civil Rights Act of 1964 and Ohio Revised Code §§4112.02 and 4112.99. Plaintiff's final claim is that Defendant discharged Plaintiff in retaliation for her refusal to permit an untrained and uncertified employee to work with live gas, allegedly contrary to the clear public policy of the State of Ohio in favor of maintaining safety in the workplace.  Doc. 1.

On January 5, 2006, Defendant moved for summary judgment on all claims.  Doc. 10. On June 27, 2006, this Court granted Defendant's motion, reasoning that Plaintiff had not established

a *prima facie* case in her federal law claims. Plaintiff's state law causes of action were dismissed without prejudice.

Vincent appealed, and the United States Court of Appeals for the Sixth Circuit reversed, holding that Vincent had created a prima facie case of discrimination. Upon remand, a scheduling conference was held. The parties reported a disagreement as to which of Plaintiff's claims survived in light of the Sixth Circuit decision. The Court granted an extension of the dispositive motion deadline until August 1, 2008, so that Defendant might address this issue.

On July 31, 2008, Defendant filed a motion, doc. 47, concerning not the scope of the Sixth Circuit decision, but whether Plaintiff had exhausted her administrative remedies prior to filing her complaint. Because this contention reaches to jurisdictional matters, an issue which may be raised at any time, the Court will address it.

## II. Standard of Review

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and associated case law. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions and affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S., at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S., at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S., at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

The instant case involves questions of state law. In reviewing an Ohio claim, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *Northland Ins. Co. v.*

*Guardsman Prods. Inc.*, 141 F.3d 612, 617 (6th Cir. 1998). Specifically, this Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the State.'" *Imperial Hotels Corp. v. Dore*, 257 F.3d 615, 620 (6th Cir. 2001) (quoting *Pedigo v. UNUM Life Ins. Co.*, 145 F.3d 804, 808 (6th Cir. 1998). Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how Ohio's highest court would rule. *Id.* (quoting *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994).

Finally, in ruling on a motion for summary judgment, "[a] district court is not…obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties.

**III. Analysis**

Defendant asserts that Plaintiff "made no allegations relating in any way to a discriminatory refusal to recall her from layoff." Doc. 47 at 2. If this were true, the Court would not have jurisdiction over a claim that Defendant discriminated by not recalling from her lay-off.

The general rule in the Sixth Circuit is that "the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Weigle v. Baptist Hosp. of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). It is the "facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, [that] are the major determinants of the scope of the charge." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004) (internal citations omitted). "[W]here facts related with respect to the charge claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from

bringing suit on that claim." *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

The Sixth Circuit has remarked that the exhaustion requirement of Title VII "is not meant to be overly rigid." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006). Application of the exhaustion requirement should not result in the restriction of complaints based on "procedural technicalities" or where the charge does not contain "the exact wording which might be required in a judicial pleading." *Id.* (quoting *EEOC v. McCall Printing Co.*, 633 F.2d 1232, 1235 (6th Cir. 1980)).  As a result, administrative charges should be "liberally construed" to encompass all claims reasonably expected to grow out of the charges of discrimination. *Id.*

On October 28, 2003, Plaintiff filed an EEOC complaint that stated:

> Throughout my employment I was yelled at and cursed at for any reason by Jay Fetters, Foreman.  In December 2002 I was placed on a three day suspension.  In January 2003 I was disciplined, demoted from Crew Leader to Laborer, placed on suspension (from January 2003 to March 31, 2003) and required to be recertified to work with gas.  On July 25, 2003 I [was] laid off.  I began working for this company in April 2002.
>
> Kevin Parker, Foreman, did not give a reason for my suspension in December 2002.  The reason Kevin Parker gave for my disciplinary action, demotion and suspension in January 2003 was that I had a leak in a pipe.  The reason Kenny Parker, Manager, gave for my layoff is lack of work.
>
> I believe I was discriminated against because of my sex, Female, in that males were not given disciplinary actions for similar violations. Cole Richmond (Male) was responsible for the pipe leak for which I was disciplined, suspended and demoted in January 2003.  The day before my layoff for lack of work, Mike Frills, a male without prior experience, was hired.  Following my layoff the company hired more males.

Doc. 49 at 11.

The last two sentences of Vincent's EEOC complaint, when liberally construed, would lead one reasonably to expect that EEOC investigation might grow to encompass Defendant's failure to recall Plaintiff. Plaintiff was laid off while males were being hired. Following her layoff, more males were hired, yet Plaintiff was not recalled. Because the EEOC investigation could have been reasonably expected to include Defendant's manner of recalling employees from a layoff, Defendant's motion will be denied.

**Conclusion**

Because Vincent's EEOC complaint, when liberally construed, would lead one reasonably to expect that EEOC might investigate Defendant's failure to recall Plaintiff, the Court hereby **DENIES** Defendant's Motion for Summary Judgment. Doc. 47.

**DONE** and **ORDERED** in Dayton, Ohio, Friday, September 5, 2008.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE